IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIONNE WOODSON,                      )
                                     )
              Plaintiff,             )
                                     )
     v.                              )    No.  07 C 4039
                                     )
MENLO WORLDWIDE LOGISTICS, INC.,     )
                                     )
              Defendant.             )

## MEMORANDUM ORDER

This employment discrimination action has just been assigned to this Court's calendar. Instead of following its usual practice of entering an initial scheduling order (including the establishment of an initial status date), this Court issues this memorandum order sua sponte to direct counsel for plaintiff Dionne Woodson ("Woodson") to explain why this action is brought in this judicial district.

According to Complaint ¶1, Woodson resides here in Chicago, though if so that appears to represent a recent change--her October 23, 2006 Charge of Discrimination shows her address as 2231 Hampton Drive, Highland, <u>Indiana</u>. Woodson's ex-employer and defendant in this action, Menlo Worldwide Logistics, Inc. ("Menlo"), is located at 1340 141st Street, Hammond, <u>Indiana</u>, where it appears that Woodson was employed and that all of the conduct about which she complains took place. Finally, each of EEOC's two right-to-sue letters (Complaint Exs. C and D) was issued on May 4, 2007 out of EEOC's Indianapolis, <u>Indiana</u> office

and was directed to Woodson at her Highland, Indiana address.

Although Menlo is said in Complaint ¶2 to do business in this state, it would seem highly likely that it will confront this Court with a 28 U.S.C. §1404(a)("Section 1404(a)") motion under the circumstances just outlined. In that respect this Court has commented from time to time that Section 1404(a) does not list convenience of counsel as one of its three criteria for considering the possibility of transfer (Woodson is represented here by a Chicago law firm). Finally, even though Hammond is close enough to Chicago to permit witness subpoenas to issue out of this District Court and to be served under Fed. R. Civ. P. 45(b)(2), it would appear that all witnesses other than Woodson herself (assuming that she does live in Chicago) are also likely to be Indiana-based, so that the District Court for the Northern District of Indiana would be a more convenient situs for the litigation from that respect as well.

In all events, Woodson's counsel are ordered to file (and to serve on Menlo) a statement on or before August 1, 2007 as to the reasons that they believe this action should remain here. That will better enable Menlo's counsel and this Court to look at the issue posed by this order.

_____
Milton I. Shadur
Senior United States District Judge

Date:  July 20, 2007

2